FILED
CLERK OF COURT

2025 MAY 22 PM 4: 58

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0219-21** |
| | ) | GPD REPORT NO. 21-10727 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| **CRAIG CHIGUINA BREWER,** | ) | RE. PEOPLE'S MOTION TO REVOKE |
| DOB: 07/12/1979 | ) | DEFENDANT'S PROBATION AND |
| | ) | IMPOSE JAIL SENTENCE |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 24, 2025, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Craig Chiguina Brewer's ("Defendant" or "Defendant Brewer") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Public Defender Zachary C. Taimanglo, and Assistant Attorney General Valerie A. Nuesa represents the People. After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.

//

## PROCEDURAL AND FACTUAL BACKGROUND

**A.    Defendant's Change of Plea and his violations thereafter.**

On July 7, 2021, Defendant Brewer entered a guilty plea to the following offenses: Criminal Mischief (As a Misdemeanor), *as a lesser included offense to* the First Charge of Criminal Mischief (As a Third Degree Felony); the Second Charge of Assault (As a Misdemeanor); and the Fourth Charge of Disorderly Conduct (As a Petty Misdemeanor). *See Judg. of Conv.* (Aug. 13, 2021). Pursuant to the terms of the Plea Agreement, the Court sentenced the Defendant to one (1) year of incarceration at the Department of Corrections, all but sixty (60) days suspended, with credit for time served, and placed the Defendant on supervised probation for two (2) years. In addition to the standard conditions of probation, Defendant was ordered the following: stay away from victims; report monthly to the Probation Services Division ("Probation"); court costs of eighty dollars ($80.00); and report to the Client Services and Family Counseling Division ("CSFC") for intake and assessment and participation in recommended treatment and counseling. *Id.*

On December 6, 2021, Probation filed a **First Violation** Report against the Defendant for the following violations: failure to report to probation monthly, last reporting on July 6, 2021; failure to make progress on his court costs; and failure to make his follow-up appointment with CSFC. *See First Vio. Rpt.* (Dec. 6, 2021). The Court issued a Warrant of Arrest on December 17, 2021, and the warrant was returned on February 25, 2022.

On March 11, 2022, the Court held a Return of Warrant Hearing, wherein the Court addressed Defendant's First Violation and admonished the Defendant to complete his conditions. *See Min. Entry* (Mar. 11, 2022). The Court released the Defendant and ordered him to report to probation and complete his probation conditions. *Id.*

Just over a month later, on April 14, 2022, Probation filed a **Second Violation** Report against the Defendant, indicating that he had violated the "stay away" orders and went to the Tamuning Mayor's Office on April 13, 2022. *See Second Vio. Rpt.* (Apr. 14, 2022). The Defendant was harassing staff and disrupting food distribution outreach, as well as sniffing butane from a pouch on his chest. *Id.* The Court issued a Warrant of Arrest on April 14, 2022, and the warrant was returned on May 2, 2022. During a hearing on June 13, 2022, the Defendant admitted to the Second Violation, although indicated that he did not have any recollection of that day. *Min. Entry* (Jun. 13, 2022). The Court admonished the Defendant to comply with his stay-away orders and to report CSFC for intake and assessment. *Id.* The Defendant committed to complete his conditions and was released and ordered to report to Probation. *Id.*

On November 21, 2022, Probation lodged a **Third Violation** Report against the Defendant, indicating that he had entered a guilty plea to Family Violence (As a Misdemeanor) in CM0345-22 before this Court. *See Third Vio. Rpt.* (Nov. 21, 2022). However, the Court elected not to act on that violation in order to allow Defendant to complete conditions in that case.

However, on April 18, 2023, Defendant continued to fail to comply with the court-ordered conditions of his probation and a **Fourth Violation** was filed against him for failure to report monthly to Probation, last reporting on November 21, 2022, after processing for probation in CM0345-22; continued failure to report to GBWHC for an intake and assessment as referred by CSFC; and failure to make progress on court costs. *See Fourth Vio. Rpt.* (Apr. 18, 2023). Further, the Defendant was committed on yet another new criminal matter in CM0138-23 (Theft)[1] on One Thousand Dollars ($1,000.00) cash bail. *Id.* On July 3, 2023, during the violation hearing, the

---

[1] On April 14, 2023, the Honorable Jonathan R. Quan dismissed Charge 2 in CM0138-23 without prejudice. *Order of Dismissal Charge 2 Possession of an Inhalant (As a Petty Misdemeanor)*(April 14, 2023). On December 12, 2024, the matter was dismissed without prejudice. Order For Dismissal Without Prejudice (Dec. 12, 2024).

Defendant admitted to not completing his conditions, but attributed it to his illness and confirmed that he was due to enter treatment at Lighthouse Recovery Center. *Id.* Based upon this representation, the Court extended Defendant's probation to July 7, 2024.

On December 12, 2023, the Court held a Further Proceedings hearing, at which the Defendant was not present. Probation indicated that the Defendant had been checking in as ordered and has completed an assessment at New Beginnings. *Min. Entry* (Dec. 12, 2023). The Court would set a Further Proceedings for the following year.

On April 12, 2024, Probation lodged a **Fifth Violation** Report against the Defendant, reporting that he has remaining conditions of completing treatment at Lighthouse Recovery Center and court costs; however, he was also discharged from his treatment program after not attending any sessions. *See Fifth Vio. Rpt.* (Apr. 12, 2024). In addition, Defendant was held on cash bail in yet *another* new criminal matter, CM0234-23 (Retail Theft (As a Misdemeanor), and would not be able to complete his conditions in this matter. *Id.*

On May 14, 2024, the Court held a Violation Hearing to address Defendant's Fifth Violation. The Court again admonished the Defendant for not completing his outstanding conditions and gave him notice at the hearing that a Revocation Hearing would be scheduled for July 15, 2024 at 2:00 PM on the grounds of continued violation of and failure to comply with probation requirements. *Min. Entry* (May 14, 2024). The Court did not, however, confine Defendant in order that he might complete outstanding conditions by the expiration of his extended probation. The People filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence on June 10, 2024, and provided Notice to the Defendant on the same date. Defendant filed his Response on June 25, 2024. Def's Response to the Gov't's Mot. to Revoke Probation (Jun. 25, 2025).

On November 25, 2024,[2] the Court held a Revocation Hearing, however, by the time of the hearing, apparently Defendant was no longer in custody and was not present for the hearing. As such, the Court issued a Bench Warrant, which was returned on January 7, 2025. On January 8, 2025, the warrant was returned and the Court committed the Defendant pending the hearing on the Motion to Revoke.

On February 24, 2025, the Court held the hearing on the People's Motion to Revoke Probation. The People argued for revocation on the grounds of his non-compliance with court orders, especially no contact with the victims, and not completing treatment. *Min. Entry* (Feb. 24, 2025); *see also Ppl.'s Mot.* (Jun. 10, 2024). Defendant Brewer requested this Court leniency to allow him to complete his conditions. *See Min. Entry* (Feb. 24, 2025). In the alternative, the Defendant requested this Court to close out this case given his confinement credit. *Id.*

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2). The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a

---

[2] Following a couple of continuances due to a penal summons having been issued, but then Defendant was released by the time of the hearing, and then subsequently recommitted, causing some confusion about whether he was subject to a regular summons or a penal summons, the Court issued a Penal Summons to compel his appearance for the Revocation Hearing on November 25, 2024. *2nd Amended Penal Summons To Appear for Revocation Hrg.* (Oct. 16, 2024).

violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A. The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Defendant incurred five (5) violations of his conditions of probation, including for: (1) failure in reporting to Probation as ordered, (2) failure in reporting to CSFC for intake and assessment, (3) making progress toward paying court costs, and (4) violating stay away orders from victims. Moreover, despite repeated opportunities that the Court provided to complete conditions, Defendant continued to violate his probation conditions, including the condition to obey all laws of Guam. His repeated violations of law and convictions even after the Court granted him several opportunities to complete treatment and comply with the Court ordered conditions, the Defendant repeatedly violated his probation conditions. As such, the first prong under *Camacho* is satisfied.

## B. The Court determines that revocation of probation is warranted.

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreement he has agreed to follow. Since entering probation, the Defendant has consistently failed to report to Probation and failed to appear in court proceedings, causing this Court to issue warrants for his arrest to return him to compliance. The Defendant has not made any progress on paying his court costs, nor on his assurances that he would complete CSFC and New Beginnings recommended treatment.

Although the Defendant has completed intake and assessments with CSFC and GBHWC, he had failed to complete his treatment program and was summarily discharged from treatment at Lighthouse Recovery Center. Another grave concern for this Court is Defendant's non-compliance with stay away orders, as he came into contact with the victims in this matter and harassed them. Finally, the Defendant has failed to comply with the laws of Guam, resulting in a conviction for Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in CF109-23, *after* the entry of his guilty plea in this case. Additionally, Defendant has another pre-trial case, CF0714-24 (Theft of Property (As a 2nd Degree Felony) and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), currently pending and for which he is held on $5,000.00 cash bail. *Commitment Order, CF0714-24* (Dec. 11, 2024).

For the above reasons, the Court determines that the second *Camacho* prong is satisfied, and revocation is warranted in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence. The Court shall issue a Judgment of Revocation on separate cover.

SO ORDERED this 22nd day of May, 2025.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

I acknowledge that an electronic Copy of the original was e mailed to

*AG, PDSC*

Date *5/22/25* Time. *4:15pm*

*Albert Calda*

Deputy clerk . Superior Court of Guam